IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FERNANDO DURAZO-MENDEZ,           §
(BOP No. 58828-008)               §
VS.                               §  CIVIL ACTION NO.4:05-CV-786-Y
                                  §
                                  §
UNITED STATES OF AMERICA, et al.  §

ORDER OF PARTIAL DISMISSAL OF SEVERAL DEFENDANTS UNDER 28 U.S.C. § 1915(E)(2) AND 28 U.S.C. § 1915A(b), AND ORDER REGARDING COMPLETION AND SERVICE OF SUMMONS UPON THE REMAINING DEFENDANTS
(With Special Instructions to the Clerk of Court)

The United States magistrate judge permitted plaintiff, Fernando Durazo-Mendez, to proceed in the above-styled and numbered cause pursuant to 28 U.S.C. § 1915, and Plaintiff was ordered to pay the full filing fee consistent with the Prison Litigation Reform Act("PLRA"). By order of this Court, Durazo-Mendez was then required to file a more definite statement as to particular factual allegations against the named defendants.  Durazo-Mendez timely filed a more definite statement on June 9, 2006. After review and consideration of the complaint and more definite statement, the Court concludes that some of the defendants and some claims must be dismissed, and that Plaintiff must provide completed summons forms to the Court in order to effect service upon the remaining defendants.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await any responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] The Court concludes that some of Plaintiff's claims must be dismissed.

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006)(emphasis added).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 1999); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In his complaint, Durazo-Mendez included several John and Jane Does as unnamed defendants, but he failed to list any factual allegations against these unnamed defendants. In response to the Court's question in the order for more definite statement asking Plaintiff to identify any such persons and state facts of any involvement, he listed only Dr. Benjamin as John Doe Number One. (June 9, 2006, More Definite Statement ("MDS") at ¶ 8.) In response to another question from the Court about adding any other defendants, Plaintiff against listed only Dr. Benjamin. (MDS at ¶ 11.) Thus, although Dr. Benjamin will replace John Doe Number One as a defendant in this action,[6] as to the remaining Doe defendants, as Plaintiff has failed to identify them, and has failed to state any factual allegations or involvement, his claims against them will be dismissed.[7]

Durazo-Mendez's claims arise from two separate periods of time and in two separate areas of the country. The later claims arise while he was housed at FMC--Fort Worth after April 2003.  Prior to that time, Durazo-Mendez generally alleges that he was not afforded proper medical care or treatment while housed at the Corrections Corporation of America's ("CCA's") facility in Florence, Arizona

---

[6]The clerk of Court is directed to add to the docket as a party defendant in place of John Doe Number One Dr. Benjamin.

[7]See *Schultea,* 47 F.3d at 1433; *see also Wesson,* 910 F.2d at 281("An IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(d)[now § 1915(e)(2)(B)]").

3

from August 2002 until April 2003. (Compl. ¶¶ 13-25.) With regard to Dr. Benjamin, Plaintiff did not recite any factual allegations other than that Benjamin was a medical doctor employed or under contract with CCA. Instead, Durazo-Mendez simply noted that Dr. Benjamin was referred to in paragraphs 17, 20, and 23 of the complaint. (MDS at ¶¶ 8-9.) Those paragraphs recite Plaintiff's allegations that although he was having pain in his right shoulder and neck in the fall of 2002, he did not receive a cervical fusion surgery until December 2002, and then when taken to a physician for follow-up care in February 2003, other than x-rays, he was not given any treatment. But, Plaintiff's claims against Dr. Benjamin appear to be barred by limitations.

Although it is unclear whether Dr. Benjamin is alleged to be a federal employee, to the extent Plaintiff alleges he acted under color of federal law, Plaintiff's constitutional claims should be evaluated under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*.[8] The United States Court of Appeals for the Fifth Circuit held that a *Bivens* action is controlled by the applicable state statute of limitations.[9] In Texas the

---

[8] 403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."),*citing Abate v. Southern Pacific Transp. Co.,* 993 F.2d 107, 110 n. 14 (5th cir. 1993).

[9] *See Brown v. Nationsbank Corp., et al.,* 188 F.3d 579,590 (5th Cir. 1999), *cert. den'd,* 530 U.S. 1274 (2000), *citing Alford v. United States,* 693 F.2d 498, 499 (5th Cir. 1982).

4

applicable limitations period is two years.[10] Thus, the applicable limitations period on a *Bivens* claim filed in Texas is two years.[11] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[12] Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action.[13] Plaintiff's last allegation against Dr. Benjamin occurred in February 2003. Since Durazo-Mendez did not file this suit until December 2005, several months after the two-year limitations period expired, his claims against Dr. Benjamin must be dismissed.

Plaintiff also seeks recovery for alleged violation of constitutional rights against CCA under *Bivens*. There is no implied private right of action, pursuant to *Bivens*, against private entities that engage in alleged constitutional violations while

---

[10]*See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon Supp. 2005)(Texas's two-year personal injury limitations statute).

[11]*Brown,* 188 F.3d at 590, *citing Pena v. United States,* 157 F.3d 984, 987 (5th Cir. 1998).

[12]*Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993).

[13]*See Harris v. Hegmann,* 198 F.3d. 153, 157 (5th Cir. 1999), *citing Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992).

5

acting under color of federal law.[14] Thus, Plaintiff's claims against CCA must be dismissed.

Durazo-Mendez alleges that he was housed at the CCA facility under authority of the United States marshal, and he also seeks recovery for alleged violations of his constitutional rights under *Bivens* against both the United States of America and the United States Marshal Service.(Compl. ¶¶ 14, 45, 48.) But a prisoner may not bring a *Bivens* claim against the United States,[15] or against an agency of the United States or a government officer in an official capacity.[16] Thus, Plaintiff's claims under *Bivens* against the United States Marshal Service and the United States of America must be dismissed.

In his complaint and more definite statement, Durazo-Mendez references his filing of administrative claims for federal tort claim relief, although he does not actually state causes of action under the Federal Tort Claims Act ("FTCA"). The FTCA provides that the jurisdiction authorized under 28 U.S.C. § 1346(b) for civil actions for loss of property, personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment, is an exclusive remedy against the United States.[17] To the extent Durazo-

---

[14]*See Correctional Services. Corp. v. Malesko,* 534 U.S. 61, 67 (2001).

[15]*See Id.,* at 72.

[16]*See F.D.I.C. v. Meyer,* 510 U.S. 471, 484-86 (1994).

[17]28 U.S.C.A. § 1346(b)(West Supp. 2006);28 U.S.C.A. § 2679(b)(1)(West 1994).

6

Mendez's reference to the filing of administrative tort claims, his naming of the United States of America, and his attachment of the letters showing resolution of claims by the United States Marshals Service ("USMS") and by the Bureau of Prisons ("BOP") could be said to state claims under the FTCA, the Court will address them.

The United States is immune from suit unless it consents to be sued, and the terms of such consent, or waiver of its sovereign immunity, "define [the] Court's jurisdiction to entertain the suit."[18] The Supreme Court has recognized that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."[19] One of the prerequisites to filing suit under the FTCA is that the claimant must have first presented the claim to the appropriate Federal agency, and obtained either a written denial or await six months after filing to deem the agency decision as a final denial.[20] Thereafter, any suit must be commenced within six months of the date of mailing of the notice of final denial by the agency to which it was presented.[21] The six month limitation period begins the day after the denial notice is sent and ends the day before the same calendar date six months later.[22]

---

[18] *United States v. Testan,* 424 U.S. 392, 399 (1976).

[19] *Lehman v. Nakshian,* 453 U.S. 156, 161 (1981)(citations omitted).

[20] 28 U.S.C.A. § 2675(a)(West 1994).

[21] 28 U.S.C.A. § 2401(b)(West 1994).

[22] *Scott v. United States Veteran's Admin.,* 929 F.2d 146, 147 (5th Cir. 1991), *citing Vernell v. United States Postal Service,* 819 F.2d 108, 111 (5th Cir. 1987).

With regard to Durazo-Mendez's claims that he was not provided proper medical care for injuries allegedly sustained when he fell from a bunk bed while housed at a CCA facility in Arizona in August 2002, he provided a copy of the June 10, 2004, letter from the USMS denying such claim.  Likewise, Durazo-Mendez's separate claims that he not provided medical care at that same facility on August 18, 2002, was denied in a separate June 10, 2004, letter from the USMS. (Compl., attachments.) In each letter, Durazo-Mendez was informed of the requirement that he file suit within six months.  In response to this Court's inquiry, Durazo-Mendez acknowledged that he had not filed any other suit other than this action. (MDS at ¶ 4.)  This suit was not filed until December 8, 2005.  Thus, all of Durazo-Mendez's claims under the FTCA arising from the alleged lack of medical care while he was housed at a CCA facility in Arizona must be dismissed.

With regard to any remaining claims against the United States of America under the FTCA, and the remaining claims against individual defendants Paul Celestin, John Mills, D.O., and Hernan Reyes, the Court concludes that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), Plaintiff is entitled to have the summons, complaint, and more definite statement served upon them by a United States marshal or deputy United States marshal.[23]  In order to serve the complaint and more definite statement, Plaintiff must fill out and return to the clerk of Court

---

[23] *See Rochon v. Dawson,* 828 F.2d 1107, 1109-1110 (5th Cir. 1987).

8

one Form 285 and two summons forms for each person to be served.[24] The Court will direct the clerk of Court to provide the Forms 285 and the summons forms to Plaintiff. Upon their return, the clerk will then forward the completed summons forms and the completed Forms 285 to the marshal for service.

The following claims are DISMISSED WITH PREJUDICE to the refiling of same pursuant to 28 U.S.C. § 1915A(b)(1) or, alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii): Plaintiff's *Bivens* claims against the United States of America; all claims against the United States of America arising from Plaintiff's period of detention in a Corrections Corporation of America facility in Arizona; and all claims against Dr. Benjamin, John Does number two through five, Jane Does number one through five, Corrections Corporation of America, and the United States Marshals Service.

The clerk of Court shall mail to Plaintiff ten blank summonses and five Forms 285. Plaintiff is advised that it is his responsibility to complete the summonses and Forms 285 with correct information as to the appropriate names and the appropriate addresses of the remaining defendants for service.[25]

Plaintiff shall, if he wishes to proceed with this action as

---

[24]The court notes that Federal Rule of Civil Procedure 4(i)(1)(A) and (B) requires that service upon the United states of America must be through service upon the United States Attorney for the Northern District of Texas, addressed to "Civil Process Clerk," and the Attorney General of the United States of America.

[25]Although the officers of the Court will issue and serve process, they are not authorized to research the proper identity of parties and/or the service address of a party.

to his remaining claims, complete the summonses and Forms 285 and return them to the clerk within 30 days of the date of this order. Failure of Plaintiff to complete the forms and to timely return same to the clerk could result in the dismissal of the remaining claims in this action without further notice for lack of prosecution.[26]

Upon receipt of the completed forms, the clerk of Court is ORDERED to issue summonses for the remaining Defendants with attached thereto a copy of the complaint, the June 9, 2006, more definite statement, and this order, and deliver them to the United States marshal for service.

Upon receipt of the appropriate forms completed by Plaintiff, the summonses and copies of the complaint and more definite statement shall be served upon the remaining defendants by the United States marshal or Deputy United States marshal.

SIGNED November 28, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[26] See FED. R. CIV. P. 41(b).